Leonard M. Shulman – Bar No. 126349
Melissa Davis Lowe – Bar No. 245521
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:  (949) 340-3400
Facsimile:  (949) 340-3000
Email:  LShulman@shulmanbastian.com;
  MLowe@shulmanbastian.com

Attorneys for Karl T. Anderson,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>**MICHELE LYNN MCKEE,**<br><br>Debtor(s). | Case No. 6:21-bk-10679-SY<br><br>Chapter 7<br><br>Adv. Case No. |
| **KARL T. ANDERSON, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Michele Lynn McKee,**<br><br>Plaintiff,<br><br>vs.<br><br>**CORINNE O'KANE LONG, an individual, and LAURA O'KANE, an individual,**<br><br>Defendant(s). | **COMPLAINT FOR:**<br><br>1. **SALE OF PROPERTY [11 U.S.C. § 363(h)];**<br>2. **TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542];**<br>3. **DECLARATORY RELIEF;**<br>4. **AVOIDANCE AND RECOVERY OF CONSTRUCTIVE FRAUDULENT TRANSFER [11 U.S.C. § 548];**<br>5. **PRESERVATION OF AVOIDED TRANSFER [11 U.S.C. § 551]; AND**<br>6. **DISALLOWANCE OF CLAIMS** |

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6351-000

1

Karl T. Anderson, solely in his capacity as the duly appointed and acting Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of Michele Lynn McKee ("Debtor") hereby brings this Complaint and respectfully complains and alleges as follows:

**STATEMENT OF JURISDICTION AND VENUE**

1. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(1) (a proceeding to recover money or property), 7001(3) (a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and co-owner in property) and 7001(9) (a proceeding to obtain a declaratory judgment).

2. Plaintiff, as Trustee for the Debtor's Estate, has standing to bring this action under 11 U.S.C. §§ 323, 363, 542, 548, 550 and 551.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the Debtors' bankruptcy pending in the United States Bankruptcy Court for the Central District of California, Riverside Division, entitled *In re Michele Lynn McKee*, Case No. 6:21-bk-10679-SY on the Court's docket.

4. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate), (b)(2)(E) (orders to turn over property of the estate) and (b)(2)(H) (proceedings to determine, avoid, or recover fraudulent conveyances). To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises under Title 11, or arises under or relates to a case under Title 11, which is pending in this District and does not involve a consumer debt less than $20,450.00.

6. To the extent that the Plaintiff asserts claims under 11 U.S.C. § 544, the Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or are not allowable under 11 U.S.C. § 502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6351-000

1

## THE PARTIES

7. Plaintiff is the duly appointed, qualifying, and acting Chapter 7 Trustee for the Debtor's Estate, and brings the claims asserted herein in that capacity.

8. Plaintiff is informed and believes and thereon alleges that the Defendant Corrine O'Kane Long ("Corrine"), is an individual residing in the County of Riverside, State of California.

9. Plaintiff is informed and believes and thereon alleges that the Defendant Laura O'Kane ("Laura"), is an individual residing in the County of Riverside, State of California. Corrine and Laura will be collectively referred to herein as the "Defendants."

10. Plaintiff is informed and believes and thereon alleges that Laura is the ex-partner of the Debtor and that Corrine is Laura's mother.

## GENERAL ALLEGATIONS

**A.    Filing of the Bankruptcy**

11. The Debtor filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code on February 10, 2021 ("Petition Date").

12. Karl T. Anderson is the duly appointed and acting Chapter 7 trustee of the Debtors' Estate.

**B.    The Property at Issue**

13. On her Schedule A/B, the Debtor listed a one-third (1/3) interest in the real property located at 744 Bella Cara Way, Palm Springs, CA 92264 ("Property").

14. On her Schedule A/B, the Debtor listed the value of the Property as $2,000,000.

15. The Trustee is informed and believes that the Property is a single family residence.

16. Pursuant to a Grant Deed recorded against the Property on August 16, 2010, Doc # 2010-0386233, title in the Property is vested as follows: "Michele L. McKee, a single woman, as to an undivided 1/3 interest and Laura J. O'Kane, a single woman, as to an undivided 1/3 interest and Corinne O'Kane Long, Trustee of the Corinne O'Kane Long Trust DTD November 28, 1980, as to an undivided 1/3 interest, as tenants in common."  A true and correct copy of the Grant Deed is attached hereto as **Exhibit 1.**

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6351-000

2

17. On or about October 20, 2017, the Debtor and Laura signed a document entitled Binding Settlement Terms for Partial Settlement of Disputes ("Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit 2.**

18. Pursuant to the terms of the Agreement, the Debtor purported to transfer and relinquish a portion of the proceeds due her from the sale of the Property to Defendants ("Transfer").

19. Plaintiff is informed and believes and thereon alleges that the Agreement is not valid because there was no meeting of the minds with respect to the intent and terms of the Agreement.

20. Plaintiff is informed and believes that after accounting for liens and encumbrances against the Property, there is significant equity in the Estate's interest in the Property for the benefit of creditors.

21. Plaintiff's real estate broker believes the Property is worth approximately $2.5 million.

22. Plaintiff is informed and believes that Defendants are currently in possession, custody, or control of the Property and have been in possession of the Property since the Petition Date.

**C.   Proofs of Claim Filed by Defendants**

23. On June 21, 2021, Laura filed a proof of claim in the Debtor's bankruptcy case asserting a general unsecured claim in the amount of $305,822.31, which appears on the Court's claims register as Claim 6 ("Claim 6").

24. On June 21, 2021, Corinne filed a proof of claim in the Debtor's bankruptcy case asserting a general unsecured claim in the amount of $92,045.54, which appears on the Court's claims register as Claim 7 ("Claim 7" and collectively with Claim 6, the "Defendant Claims").

## FIRST CLAIM FOR RELIEF

### Sale of Both Interest of Estate and Co-Owner in Property

### [11 U.S.C. § 363(h)]

25. Plaintiff hereby incorporates by reference paragraphs 1 through 24 and realleges these paragraphs as though set forth in full.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6351-000

3

26. The Debtor listed her interest in the Property on Schedule A/B of her Bankruptcy Schedules.

27. Title in the Property is vested in the Debtor as to an undivided 1/3 interest, Laura as to an undivided 1/3, and Corrine as to an undivided 1/3 interest, all as tenants in common.

28. Partition in kind of the Property between the Estate and Defendants is impracticable and cannot be made without extreme prejudice to the Debtor's Estate and Defendants.

29. A sale solely of the Estate's undivided interest in the Property would realize significantly less for the Estate than a sale of the Property free of the interest of the Defendants.

30. The benefit to the Estate of a sale of the Property free of the interest of the Defendants outweighs the detriment, if any, to the Defendants.

31. Plaintiff is informed and believes and based thereon alleges that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

32. Any proposed sale of the Property will be conducted pursuant to and in accordance with 11 U.S.C. § 363, Federal Rule of Bankruptcy Procedure 6004, and Local Bankruptcy Rule 9013-1 upon a noticed motion to be filed in the Debtor's main bankruptcy case. Pursuant to such a motion, Plaintiff will provide for a distribution to the Defendants (to the extent they show a bona fide interest in the Property), and to the Estate, of the net proceeds of the sale, and subject to the prior satisfaction of all valid taxes, liens, charges, interests, or encumbrances on the Property.

## SECOND CLAIM FOR RELIEF

**Turnover of Property**

**[11 U.S.C. § 542]**

33. Plaintiff hereby incorporates by reference paragraphs 1 through 24 and realleges these paragraphs as though set forth in full.

34. Defendants have been in possession of property of the Debtor's Estate, namely the Property, since the Petition Date.

35. Plaintiff is entitled to use, sell, or lease the Estate's legal and equitable interests in the Property under 11 U.S.C. § 363.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6351-000

4

36. Pursuant to 11 U.S.C. § 542, Plaintiff, as Trustee, is entitled to turnover of property of the Estate, namely the Property.

37. Defendants shall deliver to the Plaintiff the Property.

### THIRD CLAIM FOR RELIEF

### Declaratory Relief

38. Plaintiff hereby incorporates by reference paragraphs 1 through 24 and 34 through 37 and realleges these paragraphs as though set forth in full.

39. Plaintiff and Defendants herein have a dispute in which a declaration of their respective rights is necessary. Plaintiff is further informed and believes, and thereon alleges, that the said disputes are actual and continuing, and concern the continuing assertion by Defendants that the Estate has no interest in the Property.

40. Plaintiff is informed and believes and thereon alleges that the Debtor is the full beneficial and legal owner of title to the Property as to a one-third (1/3) undivided interest.

41. Pursuant to California Evidence Code Section 662, which states that "[t]he owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof," Plaintiff is informed and believes and thereon alleges that the Debtor is the owner of the full beneficial title to the Property as to a one-third (1/3) undivided interest.

42. Plaintiff is informed and believes and thereon alleges that the Estate has a one-third (1/3) interest in the Property.

43. Plaintiff is informed and believes and thereon alleges that there was no meeting of the minds as to the Agreement and that the Agreement is thus invalid.

44. Based on all of the above, Plaintiff respectfully requests from this Court a declaration that one-third (1/3) of the interest in the Property is property of the Estate pursuant to Section 541 of the Bankruptcy Code, that the Agreement is not valid and that the Property must be turned over to be used and sold by the Trustee pursuant to Section 363 of the Bankruptcy Code.

/ / /

/ / /

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6351-000

5

## FOURTH CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Fraudulent Transfer**

**[11 U.S.C. § 548]**

45. Plaintiff hereby incorporates by reference paragraphs 1 through 44 and realleges these paragraphs as though set forth in full.

46. Plaintiff is informed and believes and based thereon alleges that the Transfer was made while the Debtor was insolvent.

47. Plaintiff is informed and believes and thereon alleges that the Debtor did not receive reasonably equivalent value for the Transfer.

48. The Trustee is informed and believes that the Transfer from Debtor to Defendants was made: (i) for less than reasonably equivalent value to Debtor or any value, in exchange for said Transfer; (ii) while the Debtor was engaged or was about to be engaged in a business or a transaction for which the remaining assets were unreasonably small in relation to the business or the transaction; (iii) while Debtor intended to incur, or believed or reasonably should have believed she would incur, debts beyond her ability to pay them as they became due; and/or (iv) by the time that the Debtor was insolvent and/or was rendered insolvent by virtue of the Transfer.

49. The Trustee is informed and believes, and on that basis alleges, that the Transfer was a fraudulent transfer avoidable under Bankruptcy Code Sections 544, 548 and California Civil Code Sections 3439.04, 3439.05, 3439.07, 3439.09.

50. Plaintiff may recover, for the benefit of the Estate, the Transfer, or the value of the Transfer from Defendants or from whom entity for whose benefit the Transfer wase made, or any additional subsequent transferee pursuant to 11 U.S.C. §§550, 551.

## FIFTH CLAIM FOR RELIEF

**Preservation of Avoided Transfer**

**[11 U.S.C. § 551]**

51. Plaintiff hereby incorporates by reference paragraphs 1 through 50 and realleges these paragraphs as though set forth in full.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6351-000

6

52. Plaintiff is informed and believes that the Defendants received an avoidable fraudulent transfer (e.g. the Transfer).

53. Pursuant to 11 U.S.C. § 551, the Transfer is preserved for the benefit of the Estate.

## SIXTH CLAIM FOR RELIEF

### Disallowance of Claims by Defendants

### [11 U.S.C. § 502(d)]

54. Plaintiff hereby incorporates by reference paragraphs 1 through 53 and realleges these paragraphs as though set forth in full.

55. The Defendants are entities from which property is recoverable under 11 U.S.C. § 550 and Defendants received avoidable transfers under 11 U.S.C. § 548.

56. The Defendants have not paid the amount or turned over any such property for which the Defendants are liable under 11 U.S.C. §522(i), 542, 543, 544, 550, and 553 of the Bankruptcy Code.

57. Pursuant to 11 U.S.C. §502(d), the Defendant Claims, and any other claims filed by Defendants, should be disallowed.

**WHEREFORE**, Plaintiff prays that this Court enter judgment as follows:

1. That the Trustee is authorized to sell all interests of the Estate and of the Defendants in the Property under 11 U.S.C. § 363(h);

2. For turnover of the Property;

3. Stating a declaration that a one-third (1/3) interest in the Property is property of the Estate pursuant to Section 541 of the Bankruptcy Code, that the Agreement is not valid, and that the Property must be turned over to be used and sold by the Trustee pursuant to Section 363 of the Bankruptcy Code;

4. That the Transfer is avoided as a constructive fraudulent transfer under 11 U.S.C. § 548;

5. That Plaintiff shall recover from the Defendants or any immediate or mediate transferee of the Defendants the Transfer under 11 U.S.C. § 550;

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6351-000

7

6. For the value of the Transfer, together with interest thereon at the legal rate from the date of the Transfer;

7. That if Defendants fail or refuse to turn over the Transfer and/or the value of the Transfer to Plaintiff, the Defendant Claims, and any other claims filed by Defendants, shall be disallowed pursuant to 11 U.S.C. § 502(d);

8. Awarding the Trustee the costs of suit incurred herein, including attorneys' fees and costs as provided by applicable case law, statute and/or agreement of the parties; and

9. For such other and further relief as the Court may deem just and proper under the circumstances of this case.

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

Dated: September 29, 2021        */s/ Melissa Davis Lowe*
                                 Leonard M. Shulman
                                 Melissa Davis Lowe
                                 Attorneys for Karl T. Anderson, Chapter 7 Trustee

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6351-000

8

# EXHIBIT 1

**RECORDING REQUESTED BY**
Lawyers Title Co
**WHEN RECORDED MAIL THIS DOCUMENT
AND TAX STATEMENTS TO:**
Michele L. McKee
Laura J. O'Kane
2455 Via Sonoma #C
Palm Springs, CA 92264

APN: 512-320-016-6
TRA: 011-068
Escrow No: 07804281-708-RE5
Title No: 610694567



DOC # 2010-0386233
08/16/2010 08:00A Fee:18.00
Page 1 of 2 Doc T Tax Paid
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

## GRANT DEED

**THE UNDERSIGNED GRANTOR(S) DECLARE(S)**
DOCUMENTARY TRANSFER TAX IS $ 220.00, CITY TAX $ 0.00
computed on full value of property conveyed,
City of Palm Springs, AND

**FOR A VALUABLE CONSIDERATION**, receipt of which is hereby acknowledged,
**R. E. Loans, LLC, a California limited liability company**
hereby GRANT(S) to
**Michele L. McKee, a single woman, as to an undivided 1/3 interest and Laura J. O'Kane, a single woman, as to an undivided 1/3 interest and Corinne O'Kane Long, Trustee of the Corinne O'Kane Long Trust DTD November 28, 1980, as to an undivided 1/3 interest, as tenants in common**

the following described real property in the City of Palm Springs, County of Riverside, State of California:
SEE EXHIBIT A ATTACHED HERETO AND MADE A PART HEREOF

Commonly known as: 744 Bella Cara Way, Palm Springs, CA 92264

Dated: August 5, 2010

STATE OF CALIFORNIA
COUNTY OF Contra Costa } ss:
On August 6, 2010, before me,
Vincent Hua, a Notary Public,
(here insert name and title of the officer)
personally appeared Kelly Ng
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature

R. E. Loans, LLC, a California limited liability company

By: Kelly Ng, A-4 Partners, LLC
Manager, A California limited liability company
Kelly Ng, Member

VINCENT HUA
Commission # 1890939
Notary Public - California
Contra Costa County
My Comm. Expires May 25, 2014

(This area for notary stamp)

**MAIL TAX STATEMENTS AS DIRECTED ABOVE**

**Exhibit 1**

# EXHIBIT "A"

THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 16 OF TRACT NO. 29632, IN THE CITY OF PALM SPRINGS, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 340 PAGES 51 THROUGH 55 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER SAID COUNTY.

ASSESSOR'S PARCEL NUMBER: 512-320-016-6

# EXHIBIT 2

### Binding Settlement Terms for Partial Settlement of Disputes

Laura J. O'Kane ("Laura") and Michele L. McKee ("Michele") agree to resolve their ownership interests in their real property assets under the following terms:

**1. 288 Third Street, Unit 204, Oakland, CA:** Oakland gets cleaned and painted and put on the market within 30 days. We agree that no more than $5,000.00 will be spent on clean up. Michele will let Laura know within 72 hours of signing this agreement to sell the Oakland condo when she wants go a remove her belongings and what if any furniture or other items she wants out of the condo. A reasonable portion of the $5,000.00 shall be held in reserve toward costs to do a final clean and pack, remove and transport of goods and furniture prior to any closing of a sale.

The List Price is $849K, Michele agrees to sign a listing agreement and fully cooperate in the sale, understanding that the current timing and market is not ideal to sell. Additionally, Michele agrees to sell the property for any offer within 3% of the list price. In addition, Michele agrees to be responsible for one half of the mortgage payment and HOA until it is sold. Michele agrees to an offset from future firm income or from her portion of the sales price of the property, at her discretion, for carrying costs of the property that cannot be covered from firm expenses. Michele fully agrees to cooperate with any documentation necessary to correct and close O&M Properties, LLC for dissolution and a final tax return.

Laura asserts that the fact that the property taxes have not been paid in 3 years will likely create a market circumstances where the property will receive many low offers as it will appear to be in financial distress. As such, Michele will be reasonable in lowering the sales price below the current base. If Laura can find a way to correct this issue, Michele agrees to cooperate with Laura to have said funds reimbursed to lender at close of escrow.

Michele and Laura agree that the $38K deposit will be treated as Laura's separate property for purposes of this partial settlement and will be returned to Laura before any split of the sales proceeds.

All unpaid property taxes due on the property plus all penalties interest and fees as of 10/31/2017 paid and all the expenses until the property is sold will be split in half. Each parties' half that shall be a reimbursement shall be paid from the that parties sale proceeds if not paid during the period the property is listed for sale.

*Sample of Division of the Proceeds.

### 288 3rd Street Unit 204 – Sample of Proceeds Distribution

| | |
|---|---|
| $ 849,000.00 | Sales Price |
| $ (42,450.00) | Sales Commission |
| $ (8,490.00) | Title |
| $ 798,060.00 | Net Sales Price |
| $ (21,782.00) | Est. Late Property Tax |
| $ (625,000.00) | Mortgage |
| $ 151,278.00 | Cash Back |

Initials _MLM_

Initials _LJO_

Page 1

# Exhibit 2

|  |  |
|---|---|
| $ (38,000.00) | Laura's Return of Capital |
| $ (5,000.00) | Clean Up Costs |
| $ 108,278.00 | Net Proceeds |
| $ 54,139.00 | Laura's Half |
| $ 54,139.00 | Michele's Half |

**2. 744 Bella Cara Way, Palm Springs, CA.** The parties agree that for the purposes of this agreement the value of the property is $1,575,000.00.

Michele to share half of the $100k of LJO and MLM's down payment (i.e. basis in the property).

Michele to share in one third of the proceeds after property taxes, title, commissions etc ..... see estimate below.

Michele will agree to the (estimated) payout below with a side agreement that holds one third of the amount that the expert estimates is needed to repair the list of construction defects, Michele agrees to fully cooperate in the construction defect matter and Michele shall promptly (within 72 hours of said funds clearing the bank) receive the funds withheld upon the settlement of the construction defect claim.

|  |  |
|---|---|
| $ 1,575,000.00 | Sales Price |
| $ (94,500.00) | Sales Commission |
| $ (15,750.00) | Title |
| $ 1,464,750.00 | Net Sales Price |
| *$ (12,500.00)* | *Late and Property Tax (est)* |
| $ (800,000.00) | Mortgage |
| **$ 652,250.00** | **Net Proceeds** |
| $ (300,000.00) | Cash Back Corinne's Return of Money (this includes her 50K she advanced for building costs) |
| $ (50,000.00) | Laura's Return of Capital |
| $ (50,000.00) | Michele's Return of Capital |
| $ 252,250.00 | Profit |
| $ 84,083.33 | Equal Division of the Profit |
| $ 384,083.33 | Corinne's Payout |
| $ 134,083.33 | Michele's Payout |
| $ 134,083.33 | Laura's Payout |

There is no money that will be paid to Michele for her interest in Bella Cara until Robinson is fully invoiced and Jason Robinson approves the payment of such invoices in writing. Michele has until December 1, 2017, to complete the billing on Robinson. Heidi or an assistant of Michele's choosing can assist in this process and that person will be paid by the firm. Laura will cooperate with Michele to complete the Robinson invoices as needed. Laura has 14 days after Michele completes her billing in Robinson to complete the entry of any additional time on the Robinson matter. If Laura fails to complete the entry of her time within 14 days then Michele's time to obtain signoff will be extended correspondingly.

Initials *MLM*

Initials *LJO*

Page 2

# Exhibit 2

If Michele's billing is not completed by December 1, 2017, (not including the completion of the entry of additional time by Laura) the value of Bella Cara will drop to $1,475,000.00 for the next 30 day period, thus lowering Laura's buy out price proportionally. If Michele does not complete her billing or does not get sign off by Jason Robinson in a manner that is legally enforceable by the firm against the proceeds from the Probate Estate within the aforementioned timeline (i.e. by December 31, 2017), Michele agrees to forfeit her right and interest in the property with a common address of 744 Bella Cara Way, Palm Springs, CA 92262 up to the value of Laura's portion of the unpaid invoice amount.

Michele will be paid what she is owed on Bella Cara within 30 days or less of signoff on the Robinson Time.

Upon the signing of this Agreement Michele and Laura will begin the process of dividing up the personal property at Bella Cara Way, and once they have reached an agreement on at least a majority of the items, Michele does not object to the locks at Bella Cara being changed, having her name removed from the HOA and she will return all garage door openers and keys for the property. In exchange, Laura agrees to be responsible for payment of property taxes, mortgage payments and insurance due on the property from **April 1, 2017** forward.

**3. The Firm.** Laura and Michele will go to an agreed upon mediator regarding the firm by the end of November or as soon thereafter as possible or otherwise agreed party. Each of us shall have all of current and past billing in the system at least one week before mediation, except for the Robinson Invoice which billing shall be managed as stated above. The objective of the mediation will be to develop a written plan to dissolve the firm.

**4. Vehicles.** Michele will transfer title to the Infinity to Laura and Laura will transfer title the Ford to Michele. Laura will let Michele know the date by which she must obtain her own auto insurance. Laura agrees to waive all claim for reimbursement of the cost of the auto insurance from August of 2016 to present.

**5. Personal Property.** Michele will let Laura know what personal property from both Bella Cara and Oakland she would like. The parties agree to be completely reasonable regarding division of personal property. Both parties agree that all property in the in-law suite in Bella Cara is the property of Corinne O'Kane Long and not subject to this Agreement.

**6. Counterparts.** This Agreement may be executed in any number of counterparts, each of which will be an original, but all of which together will constitute one instrument.

**7. Modification of Agreement.** This Agreement may be supplemented, amended, or modified only by a writing signed by both parties.

**8. Severability of Agreement.** If a court or an arbitrator of competent jurisdiction holds any provision of this Agreement to be illegal, unenforceable, or invalid for any reason, the validity and enforceability of the remaining provisions of this Agreement shall not be affected provided, however, that this clause shall not be applied so as to defeat the primary intent of the parties, which is to resolve the disputes related to the property stated above.

Initials _MM_

Initials _CID_

Page 3

# Exhibit 2

**9. Waiver.** No delay or omission to exercise any right, power, or remedy under this Agreement shall it be construed as a waiver of, or consent to, any breach or default. No waiver of any breach, any failure of a condition, or any right or remedy under this Agreement (1) shall be effective unless it is in writing and signed by the party making the waiver; (2) shall be deemed to be a waiver of, or consent, to any other breach, failure of a condition, or right or remedy, or (3) shall be deemed to constitute a continuing waiver unless the writing expressly so states.

**10. Confidentiality/Admissibility:** The contents of this agreement shall not be admissible in the partnership dissolution action. Nothing in this agreement shall be construed as an admission of liability or agreement to any particular legal position by either party; and, therefore, it may not be used as evidence of such in the partnership dissolution action, except where its terms expressly so state.

**11. Choice of Law.** This Agreement, and any dispute arising from the relationship between the parties to this Agreement, will be governed by California law.

**12. Acceptance of Facsimile Signatures.** The parties agree that this Agreement will be considered *signed* when the *signature* of a party is delivered by facsimile transmission or by signed emailed attachment. Such signed emailed attachment or facsimile signature must be treated in all respects as having the same effect as an original signature.

Only after **both parties** have signed and dated this Agreement below will they be bound by its terms. The parties further agree to cooperate in good faith with the completion of the above terms. If there is a dispute regarding the terms above, Laura and Michele agree that they will engage in private mediation to resolve any such dispute. These terms will be incorporated into the parties' final settlement agreement over O'Kane & McKee, LLP.

Signatures:

Date: 10/20/17

_____
Michele L. McKee, an individual

Date: 10/20/17

_____
Laura J. O'Kane, an individual

Initials _____
Initials _____

Page 4

**Exhibit 2**

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Karl T. Anderson, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Michele Lynn McKee | **DEFENDANTS**<br>Corinne O' Kane Long<br>Laura O'Kane |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>SHULMAN BASTIAN FRIEDMAN & BUI LLP<br>Leonard M. Shulman; Melissa Davis Lowe<br>100 Spectrum Center Drive, Suite 600, Irvine, CA 92618; Telephone: (949) 340-3400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR: (1) Sale of Property [11 U.S.C. § 363(h)]; (2) Turnover of Property of the Estate [11 U.S.C. § 542]; (3) Declaratory Relief; (4) Avoidance and Recovery of Constructive Fraudulent Transfer [11 U.S.C. § 548]; (5) Preservation of Avoided Transfer [11 U.S.C. § 551]; and (6) Disallowance of Claims

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[2] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[4] 13-Recovery of money/property - §548 fraudulent transfer
[5] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[1] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[3] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
[1] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand $

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>Michele Lynn McKee || BANKRUPTCY CASE NO.<br>6:21-bk-10679-SY |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District || DIVISION OFFICE<br>Riverside Division || NAME OF JUDGE<br>Scott H Yun |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Melissa Davis Lowe |||||
| DATE<br>9/29/2021 |||PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Melissa Davis Lowe ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.